IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIKA-ROCKFORD, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE DEPOT, INC., n/k/a<br>OFFICEMAX NORTH AMERICA,<br>INC.,<br><br>    Defendant. | No. 20-cv-06048<br>Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dika-Rockford, LLC (Plaintiff), a landlord, brought suit against defendant Office Depot Inc., n/k/a Office Depot, LLC, (Defendant),[1] its former tenant. Plaintiff alleges that Defendant breached a lease relating to Defendant's lease of shopping center space in Rockford, Illinois. Defendant has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 6, Mot. Dismiss.[2] For the reasons that follow, the Court grants Defendant's motion to dismiss, and dismisses Plaintiff's Complaint with prejudice.

**Background**

On or about July 19, 1993, Sunil Puri (Puri), the owner of a shopping center, and Defendant entered into a written lease (the Lease), whereby Defendant rented

---

[1]Defendant was improperly named as "Office Depot, Inc. n/k/a OfficeMax North America, Inc." in the Complaint.

[2]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

shopping center space located at 5430 E. State Street, in Rockford, Illinois (the Property) from Puri. R. 1-1, Compl. ¶ 3.[3] On or about July 15, 2008, Plaintiff, as successor in interest to Puri, and Defendant executed a renewal of the Lease for a five-year period, commencing January 1, 2009. *Id.* ¶¶ 4–5. On or about April 29, 2013, Defendant sent notice to Plaintiff that it did not intend to renew its Lease for the Property and would allow the Lease to expire on December 31, 2013. *Id.* ¶ 6. Defendant vacated the Property at the end of December 2013. *Id.* ¶ 7.

On or around August 28, 2020, Plaintiff filed suit against Defendant, alleging that it violated the Lease because it failed to pay all the rent, real estate taxes, and other expenses due and owing under the Lease and because it failed to maintain the Property.[4] Defendant now moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6).

## Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient "to state a claim that is plausible on its face."

---

[3]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

[4]Plaintiff initiated this lawsuit in the Circuit Court of Cook County, Illinois, and Defendant then removed it to this Court. R. 1.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

Plaintiff alleges that Defendant breached the Lease by failing to pay, for the month of December 2013, monthly base rent, common area maintenance charges, a late payment charge, and real estate taxes for the 2013 tax year. Compl. ¶¶ 13–16. It also alleges that Defendant breached the Lease by failing to maintain the air conditioning units for the Property, necessitating Plaintiff to perform repairs which Defendant was obligated to pay. *Id.* ¶¶ 17–18.

To state a claim for breach of contract under Illinois law, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) the plaintiff's substantial performance; (3) the defendant's breach; and (4) resultant injury to the plaintiff. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015). "In construing a contract, a court's primary objective is to ascertain and give effect to the intention of the parties." *Harmon v. Gordon*, 712 F.3d 1044, 1050 (7th Cir. 2013) (citing *Thompson v. Gordon*, 948 N.E. 2d 39, 47 (Ill. 2011)).

3

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff fails to adequately allege a breach of contract cause of action, as Plaintiff fails to allege that Plaintiff performed all required conditions under the Lease before filing suit. Mot. Dismiss at 3–4. According to Defendant, Section 11.1 of the Lease requires that before filing suit, Plaintiff must provide written notice to Defendant of the alleged default and allow Defendant an opportunity to cure. *Id.* at 3. Here, Defendant contends that Plaintiff fails to allege any facts showing that it performed this required contractual condition. *Id.* at 4. Therefore, concludes Defendant, the complaint must be dismissed. *Id.*

Plaintiff responds that Defendant misreads the Lease, and therefore, Defendant's arguments are based on a faulty premise. Resp. at 4. Plaintiff maintains that Section 11.1 of the Lease does not require that notice be provided to the Defendant prior to filing suit when Plaintiff is not seeking to terminate the Lease. *Id.*

The Court begins its analysis with the text of the Lease. Section 11.1 of the Lease provides in pertinent part:

> This lease is upon the condition that if Tenant shall neglect or fail to perform or observe any of Tenant's covenants *and* if such neglect or failure shall continue *after notice*, in the case of Fixed Minimum Rent, Additional Rent or Percentage Rent for more than ten (10) days, or in any other case for more than thirty (30) days or such longer time as may be required to cure because of the nature of the default . . . then, in any of said events ("Event of Default"), Landlord lawfully may . . . enter into and upon the premises.
>
> . . .

> *Subject to the notice and cure periods provided herein*, Landlord shall have the right to exercise any and all remedies . . . available to Landlord, in connection with an Event of Default, at law or in equity . . . .

Compl., Exh. A (Lease) at 21–22 (emphasis added).

The Court agrees with Defendant that under the plain and unambiguous language of the Lease, if the Defendant fails to pay "Fixed Minimum Rent, Additional Rent or Percentage Rent" for more than ten days after notice from Plaintiff, then Plaintiff has the right to pursue remedies "at law or in equity," against Defendant. *Id.* Here, Plaintiff alleges that Defendant failed to pay monthly base rent, common area maintenance charges, and a late payment charge for the month of December 2013, and real estate taxes for the 2013 tax year. Compl. ¶¶ 13–16. Pursuant to Section 4.1 of the Lease, the monthly base rent is Fixed Minimum Rent. Lease at 7. Pursuant to Section 1.3.9 of the Lease, "'Additional Rent' shall mean all payments required to be made . . . by Tenant, other than Fixed Minimum Rent and Percentage Rent." Lease at 4. This Section therefore covers Defendant's other alleged missed December 2013 payments—common area maintenance charges, a late payment charge, and real estate taxes for the 2013 tax year. Therefore, Section 11.1 of the Lease requires that Plaintiff, prior to commencing suit for any such monetary default must provide the tenant (here, Defendant) ten days' notice to cure the default. It is undisputed that Plaintiff does not allege that it provided any notice to Defendant before initiating this lawsuit.

Defendant's other alleged breach is its failure to maintain the air conditioning units for the Property. Compl. ¶ 17. This failure constitutes "any other case" under

5

Section 11.1 of the Lease. Pursuant to this section, Plaintiff may not commence suit on this failure without providing 30 days' notice to Defendant. Again, Plaintiff has not alleged that it provided said notice to Defendant prior to filing this lawsuit.

The Court finds Plaintiff's interpretation of the Lease's notice provision strained. Plaintiff insists that the notice provision only applies if the Lease was still in effect and if the Defendant was still in possession of the Property. Resp. at 4. In short, Plaintiff reasons that since Plaintiff is not seeking to terminate the Lease, the notice provision does not apply. *Id.* Plaintiff's interpretation of the Lease, however, lacks textual support. Notably, Plaintiff fails to point to any provision of the Lease that supports this interpretation. Indeed, the only part of the Lease that Plaintiff refers to is the title of Article 11: "Termination for Default or Insolvency and Remedies." Resp. at 4. Plaintiff, however, cites no authority for the proposition that the title governs this situation. In fact, as Defendant points out, the Lease itself refutes such an interpretation, as it provides that "the title of the several Articles and Sections contained herein are for convenience only and shall not be considered in construing this Lease." R. 12, Reply at 2 (citing Lease § 12.7). To put it simply, the Lease says what it says and nothing in Section 11.1 relieves Plaintiff from the notice obligation to Defendant.

The Court finds, in taking the allegations of the complaint as true and drawing all reasonable inferences in Plaintiff's favor, as it must, that Plaintiff fails to state a breach of contract claim because Plaintiff fails to allege Plaintiff's substantial compliance with the Lease.

6

## Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's complaint. The dismissal is with prejudice, as the Court can discern no amendment that would cure the flaw in Plaintiff's claim, and Plaintiff does not request leave to amend in the event of dismissal. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in . . . dismissing a complaint with prejudice . . . when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). This civil case is terminated.

Dated: June 16, 2021

_____
United States District Judge
Franklin U. Valderrama

7